White v. Keady.

***

## John L. White v. Alexander Keady et al.

1.  FRAUDULENT CONVEYANCES—*Deeds From Husband to Wife.*—A deed from a husband to his wife, made without consideration, is fraudulent as against existing creditors of the husband.

2.  HUSBAND AND WIFE—*Ante-Nuptial Contracts.*—An oral ante-nuptial contract is void, as between the husband and his creditors, by

section 1, chapter 59, R. S., entitled "Frauds and Perjuries," but consummation of the marriage and performance of the conditions of the contract will render it valid and effectual as between the parties to it.

.3. SAME.—*Liens for Money Advanced by the Wife.*—Where a wife gave her husband money which she had earned before her marriage, and he used the same with other moneys of his own in the construction of buildings upon real estate owned by him, *it was held,* in a proceeding to subject the real estate to the payment of his debts, that a lien superior to the right of the creditors of the husband, and in favor of the wife for the money so advanced should be reserved against the property.

Creditor's Bill.—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded with directions. Opinion filed February 25, 1897.

## STATEMENT OF THE CASE.

On the 19th day of January, 1894, appellant brought an action in assumpsit in the McLean Circuit Court against appellee Alexander Keady and others to recover judgment on an indebtedness contracted in 1891, and evidenced by notes dated April 19th of said last mentioned year.

On the 19th day of January, 1894, two days after the institution of said suit, two deeds were placed on file for record in said county.

One of them, dated September 27, 1893, was executed by said Alexander Keady to his brother Samuel B. Keady, and conveyed certain lots in the city of Normal, in McLean county.

The other bore date November 30, 1893, was executed by said Samuel B. Keady and purported to convey the same lots to Mrs. Cora Keady, wife of said Alexander Keady.

Appellant recovered judgment against said Alexander Keady, caused execution to be issued against him, but the sheriff was unable to find property to levy upon to satisfy the judgment.

Appellant thereupon filed his bill in chancery to set aside the conveyances of the town property hereinbefore mentioned, but upon a hearing the bill was dismissed, and this is his appeal prosecuted from the decree of dismissal.

White v. Keady.

The contention of appellant was, the conveyance of the property from Alexander Keady to his brother, and from the brother to Cora, wife of Alexander, were without con sideration, and in fraud of his right as creditor of Alexander.

The premises in question consisted of one full lot and one-half of another lot in Normal, on which was a frame residence, the homestead of said Alexander and Cora Keady. The premises were of the value of $3,500, or thereabouts.

Alexander Keady purchased and received a deed for the lots May 5, 1891, and the residence was erected in the summer of that year, paid for with his money, and occupied by him and his family from thenceforth.

The title remained in him until he executed the deed to his brother in September, 1893, as before stated.

It is conceded no consideration passed upon the execution of this deed, and that the purpose of its execution was to pass the title from the husband through the brother to the wife, Cora, which was accomplished by the deed subsequently executed to her.

Appellees, however, contended this transfer of title from husband to wife was supported by adequate consideration, as follows:

1.  That prior to the marriage, as a condition of her acceptance of the request of Alexander to become his wife, he virtually promised her he would provide her with a home in her own right.

2.  Soon after the marriage she delivered to him the sum of $400, which she had earned before her marriage, to be held by him upon the distinct agreement it was to be applied to the specific purpose of aiding in securing a home for her.

3.  That her brother, as a gift to her, contributed the sum of $500 to aid in building the dwelling house upon the lots.

FIFER & BARRY, attorneys for appellant.

OWEN T. REEVES and HARVEY HART, attorneys for appellee Cora S. Keady.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

To state a deed from husband to wife, made without consideration, is fraudulent as against existing creditors of the husband, is but to reiterate the declarations of an unbroken line of judicial decisions.

There is much reason for the view the alleged ante-nuptial agreement did not enter into and form a part of the consideration which moved the appellee Cora to accept the proffer of marriage, and that the conversations out of which the supposed agreement arose were but the expressions of the hopes, desires and future intention of the parties. Moreover, it was but a vague and indefinite promise she should have a home in her own right when the circumstances and convenience of the husband would admit. Nevertheless, if all claimed for it is conceded, it was but an oral ante-nuptial undertaking.

It was therefore void by the express declaration of Sec. 1, Chap. 59, R. S., entitled Frauds and Perjuries.

As between the parties to it, the consummation of the marriage and performance of the conditions of the contract would have made it valid and effectual.

But consummation of the marriage was not within itself sufficient to avoid the effect of the statute (McAnnulty v. McAnnulty et al., 120 Ill. 26; Richardson v. Richardson, 148 Ill. 567), and the rights and interest of creditors of the husband intervened before the agreement in question was consummated by performance thereof.

We think the agreement was without efficacy as against the appellant, who was a creditor of the husband at the time he endeavored to divest himself of the title to the premises involved herein.    8 Amer. & Eng. Ency. of Law, p. 684.

It is clear the wife, in her vocation as a teacher of schools, earned $400 prior to the marriage, and that she gave to her husband that sum to be retained by him and applied to the purpose of constructing a dwelling for a home for her.

It does not appear it is true he kept this identical money received from the wife separate from his funds, but it is

White v. Keady.

not to be doubted he regarded himself as the custodian of that amount of money belonging to his wife, and in his hands for the purpose of applying it to the payment of the costs of the erection of a dwelling house for her.

The equities as to this item are so strong we incline to the view a lien in her favor should be reserved against the property superior to right of the appellant as creditor of the husband. She is not, however, entitled to interest upon said sum under any of the provisions of the statute providing for interest. The husband did not promise to pay interest; it was not in the contemplation of the parties he should so account to her, nor does any rule of equity award it to her.

We are not impressed with the justice of the claim the brother of the wife contributed the sum named as gift to aid in the construction of the dwelling.

He was a carpenter and builder. They applied to him to build a house according to a given plan.

He estimated the cost at a sum some four hundred dollars greater than the amount they desired to apply to the purposes of a dwelling.

After a conference he consented to abate his proposition in the sum named.

Possibly and probably the fact of his relationship operated in some degree to induce him to reduce his bid as a contractor, but we can not conceive the wife obtained thereby any interest in the property which she may assert against a creditor of the husband.

The decree is reversed and the cause remanded, with directions to the Circuit Court to enter a decree that the said conveyance from Alexander Keady to Samuel B. Keady and that from Samuel B. Keady to Cora Keady are fraudulent as against the judgment of the appellant, and that said Cora Keady is entitled to a lien in the sum of $400 against the premises in said deeds mentioned superior to the lien of the judgment. Appellees are of course entitled to the homestead estate in the property. Decree reversed and cause remanded with directions.